JUAN y JOSÉ FUENTES LEDUC, demandantes y apelantes, *v.* ANTERO APONTE, demandado y apelado.

Núm. 8682.—*Sometido:* Noviembre 2, 1943. *Resuelto:* Diciembre 22, 1943.

*F. González Fagundo,* abogado de los apelantes; *E. Arjona Siaca* y *A. Figueroa Rivera,* abogados del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Por escritura de 3 de enero de 1929, Antero Aponte, en garantía de un préstamo por $400 con intereses a razón de 1 por ciento mensual y término de tres meses, constituyó hipoteca voluntaria sobre una casa y solar de su propiedad, a favor de Francisco Fuentes. Al final de dicha escritura, después de la cláusula séptima en la que el notario consignó que las partes aceptaban la escritura y que les hizo las advertencias legales pertinentes, adicionó la cláusula octava que dice así: "Se pacta por las partes que la suma de ciento veinticinco dólares será satisfecha por don Antero Aponte para sufragar gastos y honorarios de abogado, caso que el acreedor tuviese que ejercitar su derecho por la vía jurídica."

Vencido el préstamo y no satisfecho, el acreedor instó un procedimiento ejecutivo sumario para su cobro, terminando

el procedimiento con la adjudicación de la finca al acreedor demandante. Inmediatamente después de la adjudicación, es decir, en el mes de agosto de 1934, el deudor demandado celebró un contrato de arrendamiento con el nuevo dueño de la propiedad, su anterior acreedor, siendo el canon de arrendamiento a razón de $8 mensuales, el cual pagó hasta la terminación del año 1938. El total de dichos cánones pagados ascendió a la cantidad de $424. Posteriormente el arrendatario, que fué el anterior dueño de la finca, presentó en la corte inferior un pleito solicitando la nulidad del procedimiento ejecutivo y la corte declaró con lugar la demanda por sentencia de 18 de noviembre de 1941, por el fundamento de haberse reclamado dentro del procedimiento ejecutivo el crédito de $125 convenido para honorarios de abogado, no estando dicho crédito garantizado con la hipoteca, según resolvió la corte. Declarado nulo el procedimiento ejecutivo, la sucesión del acreedor Francisco Fuentes, los ahora apelantes, instaron un pleito en cobro de dinero en la corte inferior, reclamando la cantidad de $400 que su causante había prestado al ahora apelado, pidiendo además en la súplica se adicione a los $400 importe del préstamo, la cantidad de $125 por concepto de honorarios de abogado que el demandado se había obligado a pagar en caso de reclamación judicial. Contestó el demandado, aceptando que existió el préstamo, pero que se había extinguido la obligación por el pago, y solicitó sentencia desestimando la demanda, con imposición de costas, gastos y honorarios de abogado a los demandantes.

Fundándose en los hechos expuestos y en las conclusiones de derecho a que nos referiremos más adelante, se declaró sin lugar la demanda.

En la opinión que sirve de fundamento a la sentencia apelada, el juez inferior discute ampliamente los méritos del caso, para concluir que los demandantes, de acuerdo con la prueba, no tienen causa de acción, pero inmediatamente después estudia el caso desde otro ángulo y resuelve

que además de llegar a la conclusión de que la deuda reclamada fué pagada en su totalidad, la corte no adquirió jurisdicción en ningún momento para conocer del caso porque la suma envuelta es menor de $500. Parece lógico que si la corte inferior no tuvo jurisdicción del caso en ningún momento, cualquier pronunciamiento que haga respecto a los méritos del mismo es *coram non judice.*

Examinaremos en primer término la cuestión jurisdiccional.

En la demanda se alega la obligación que contrajo el demandado de pagar al causante de los demandantes la cantidad de $400 en el término de tres meses a partir del 3 de enero de 1929, con intereses a razón de 1 por ciento mensual, y se alega que dicha deuda no ha sido satisfecha. Como indicáramos anteriormente, en el cuerpo de la demanda nada se expone sobre la obligación de pagar honorarios de abogado en caso de reclamación judicial, pero en la súplica se dice: "Por lo que suplica de la corte dicte sentencia condenando a Antero Aponte a pagar $400 de capital más $125 que en la escritura de préstamo se convinieron para satisfacer costas y honorarios en caso que tuviera el acreedor que ejercitar su derecho por la vía jurídica."

Se ha sostenido repetidamente tanto por este Tribunal como por las jurisdicciones del continente americano, que la súplica de la demanda a menudo sirve para determinar, en caso de duda, la naturaleza de la acción ejercitada. Pero la suficiencia de la demanda no depende de la súplica, sino de los hechos alegados como constitutivos de la causa de acción. De igual modo, la cuantía jurisdiccional debe aparecer de las alegaciones de la demanda, por lo que, si de dichas alegaciones no resulta la cuantía jurisdiccional, el hecho de que en la súplica se solicite sentencia por una cantidad no reclamada en la demanda, no debe tomarse en cuenta a los efectos de determinar la cuantía jurisdiccional. 1 Bancroft's Code Pleading, sección 188, y casos citados; 1 Ban-

croft's Code Practice and Remedies, sección 629, y casos citados.

En el presente caso, sin embargo, el defecto de la demanda no fué traído a la consideración de la corte a virtud de excepción previa ni de ningún otro modo antes de ser considerado el caso en su fondo. De haberse excepcionado la demanda por ese fundamento, de acuerdo con las autoridades citadas hubiéramos convenido con la corte inferior en que la cantidad reclamada en la demanda era la de $400, y por lo tanto insuficiente para conferir jurisdicción a la corte inferior. Pero no fué eso lo sucedido. La corte misma, *sua sponte,* después de recibida la prueba y sometido el caso, entró a considerar la suficiencia de la demanda, sin tener en cuenta que el defecto había sido subsanado por la evidencia presentada por el propio demandado, sin objeción del demandante. Dicha evidencia consistió de cierta parte de los autos del caso número 2929 de la corte inferior (T. de E., pág. 14), de la cual aparecía que la obligación ahora reclamada en la demanda de este caso consistía de la suma de $400 más un crédito adicional de $125 para costas y honorarios de abogado en caso de reclamación por la vía judicial.

Pero la corte inferior fué más lejos aún y a pesar de resolver que no tenía jurisdicción por razón de la cuantía, penetró en los méritos del caso para concluir que la obligación de $400 había sido pagada conforme alegaba el demandado. Resolvió entonces que la evidencia revelaba que el demandado no adeudaba la obligación principal de $400; que la obligación accesoria de $125 para costas y honorarios de abogado se pactó para el caso de que el acreedor tuviese que reclamar una obligación existente, pero no para la reclamación de una previamente extinguida; y congruente con ese razonamiento, resolvió que el demandante no tenía derecho a cobrar en este caso el crédito accesorio que reclamaba en la demanda; que eliminada dicha partida de $125,

la reclamación quedaba reducida a $400, cantidad insuficiente para conferir ·jurisdicción a la corte inferior.

El razonamiento del juez inferior pierde de vista que se reclaman dos partidas: una por $400 que es el crédito principal y otra por $125 para costas y honorarios de abogado que es un crédito accesorio del primero. Si los demandantes prueban en todo o en parte el crédito principal, *ipso facto* tendrán derecho a una sentencia por la suma realmente adeudada más el crédito accesorio de $125. Si no lo prueban, la demanda deberá ser desestimada. Así pues, los dos créditos son inseparables y caen o subsisten juntos; pero en uno u otro caso la suma reclamada en la demanda, según quedó enmendada por la prueba, siempre será la de $525.

■ Resuelta esta cuestión, consideraremos el caso en sus méritos.

Sostiene la corte inferior que al anularse el procedimiento sumario ejecutivo se restableció el *status* existente antes de iniciarse dicho procedimiento. Que siendo ello así, los cánones de arrendamiento que Aponte pagó a Fuentes o a su sucesión durante los años 1934 a 1938 inclusive, los había pagado por concepto de arrendamiento de una finca que era de la propiedad del arrendatario, y por lo tanto los había percibido el arrendador sin derecho a ellos. Que en tales circunstancias, Antero Aponte tiene derecho a que dichos $424 le sean acreditados al préstamo de $400, y al así hacerse dicho crédito de $400 reclamado en la demanda resulta pagado con exceso.

Posiblemente el contrato de arrendamiento a que se refiere la corte inferior, fué celebrado bajo el error de que el arrendador tenía un título válido sobre el inmueble. Pero ese error no es de los que vicia el consentimiento. Para que lo invalidara, era preciso que fuese de los comprendidos en el artículo 1218 del Código Civil, que prescribe:

"Para que el error invalide el consentimiento, deberá recaer sobre la sustancia de la cosa que fuere objeto del contrato, o sobre

aquellas condiciones de la misma que principalmente· hubiesen dado motivo a celebrarlo.

"El error sobre la persona sólo invalidará el contrato cuando la consideración a ella hubiere sido la causa principal del mismo.

"El simple error de cuenta sólo dará lugar a su corrección."

Los romanos entendían por error sobre la sustancia de la cosa el que recae sobre la naturaleza física de la misma, y Pothier decía que "el error anula la convención no sólo cuando recae sobre la cosa misma, sino también cuando es sobre la cualidad de la cosa que los contratantes tuviesen principalmente como mira y que forman su sustancia." Enciclopedia Jurídica Española, tomo 14, pág. 440.

Planiol y Ripert discuten el error *en la sustancia* en los siguientes términos:

"El error en la substancia es causa de nulidad del arrendamiento. La dificultad estriba, desde luego, en determinar si la cualidad contemplada es o no es substancial. Hay que investigar si, de hecho, esa cualidad es la que decidió a contratar a la parte víctima del error. Existe error en la substancia en los casos en que una persona arrienda tierras de labor creyendo arrendar pastos. En ese sentido se ha fallado que hay que considerar como substancia el error sobre la cuestión de saber si el inmueble es apto para el uso para que fué arrendado. El error en las cualidades no substanciales es indiferente a la validez del arrendamiento." Tratado Práctico de Derecho Civil Francés, tomo 10, pág. 498.

Manresa, tratando de la misma cuestión, al comentar el artículo 1266 del Código Civil español, idéntico al 1218 del nuestro, dice:

"Por eso el error que siempre lo invalida [al consentimiento] es aquel que recae sobre la sustancia de la cosa, debiendo entenderse por sustancia, no sólo la materia que lo constituya, sino en general la naturaleza de aquélla, lo que la distingue, sea genérica o específicamente, de las demás." 8 Manresa, Código Civil Español, 646.

Finalmente, la Enciclopedia Jurídica Española, al folio y tomo citados, ilustra así con ejemplos prácticos el error sobre la sustancia o condiciones de la cosa:

"Para un coleccionador de objetos antiguos, la substancia de la cosa comprada (una ánfora numantina, por ejemplo) será que la misma pertenezca a aquella época; para otro que se dedique a coleccionar objetos pertenecientes a un personaje, el que fueran de uso o pertenencia del mismo. De modo que la naturaleza física de la cosa contratada, su forma, el origen, o su derivación, sus cualidades ordinariamente secundarias y, en fin, todo aquello que según la intención de los contratantes pueda adquirir carácter jurídico de substancia de la cosa, tendrá este carácter."

El error, como hemos visto, no recayó sobre la sustancia de la cosa. Tampoco sobre aquellas condiciones de la cosa que principalmente pudieron dar motivo a celebrar el contrato. Recayó sobre el derecho que asistía a las partes sobre la cosa; pero ése no es de los que invalida el consentimiento, según resolvió el Tribunal Supremo de España en su sentencia de 12 de febrero de 1898 (83 J. C. 326).

Demostrado que no existió error que invalidase el consentimiento, procede discutir ahora si el contrato de arrendamiento es inexistente por falta de causa. Artículo 1213 del Código Civil.

La sentencia que declaró nulo el procedimiento ejecutivo tuvo el efecto legal de anular *ab initio* el título de dominio que había adquirido Fuentes y restablecer el *status* que existía antes de dictarse la sentencia en dicho procedimiento ejecutivo. En contemplación de la ley Aponte en ningún momento perdió su derecho al goce y disfrute de su propiedad. Siendo ello así, al pagar él los cánones de arrendamiento ninguna prestación recibía por parte de Fuentes a que no hubiera tenido derecho por ser dueño de la finca arrendada. [6] Por consiguiente, el contrato de arrendamiento era nulo por inexistencia de causa. [7] Pero no obstante ese pago indebido, Aponte no puede oponer compensación de la suma así pagada, respecto a la reclamación de los causahabientes de Fuentes, sencillamente porque el pago hecho por Aponte, si bien fué indebido, lo fué por error de derecho. *Silva* v. *Sucesión Caratini*, 51 D.P.R. 778.

*Por lo ·expuesto, procede declarar con lugar el recurso, revocar la sentencia apelada y dictar otra condenando al demandado a pagar a los demandantes la cantidad de $400 de principal, con intereses legales desde la interposición de la demanda el 30 de marzo de 1942, más $125 estipulados para costas y honorarios de abogado.*

El Juez Asociado Sr. Snyder no intervino.