JUAN y JOSÉ FUENTES LEDUC, demandantes y apelantes, *v.* ANTERO APONTE, demandado y apelado.

¡Núm. 8682.—*Sometido:* Enero 14, 1944. *Resuelto:* Marzo 6, 1944.

*F. González Carmona* (*F. González Fagundo,* en el alegato), abogado del apelante; *Antonio Figueroa Rivera* y *Santiago Polanco Abréu,* abogados del apelado.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

En moción extensamente argumentada, el demandado apelado solicita la reconsideración de nuestra sentencia de 22 de diciembre último, por la cual revocamos la de la corte inferior y dictamos la que debió haber dictado dicha corte. En la citada sentencia condenamos al demandado a pagar a los demandantes la cantidad de cuatrocientos dólares de principal con intereses legales desde el 30 de marzo de 1942, fecha de la interposición de la demanda, más el crédito adicional de ciento veinticinco dólares para gastos y honorarios de abogado. Para la mejor inteligencia de las cuestiones que nos proponemos discutir, es conveniente hacer una breve exposición de los antecedentes de este caso conforme resultan de los autos.

Por escritura de 3 de enero de 1929, Antero Aponte, el aquí demandado, recibió de Francisco Fuentes, causante de los demandantes, en presencia del notario, un préstamo por la cantidad de cuatrocientos dólares con intereses a razón del uno por ciento mensual y término de tres meses a partir de la fecha de la escritura, pactándose además un crédito adicional de ciento veinticinco dólares para gastos y honorarios de abogado en caso de cobro por la vía judicial. Para garantizar la devolución del préstamo, el deudor hipotecó a favor del acreedor una casa de su propiedad descrita en la escritura. En el año 1934 el préstamo no había sido aun devuelto, por lo que el acreedor Francisco Fuentes instó en la corte inferior un procedimiento ejecutivo para su cobro. A virtud de dicho procedimiento, la finca hipotecada fué adjudicada al acreedor en el año 1934; pero el deudor demandado quedó en posesión de ella a virtud de contrato de arrendamiento

celebrado con el nuevo dueño, pactándose la cantidad de ocho dólares mensuales por concepto de alquiler. El ahora demandado continuó pagando los alquileres hasta el año 1939, pero desde esa fecha dejó de pagarlos aunque continuó ocupando la casa. Fué en 1941, estando siempre en posesión del inmueble, que instó un pleito en la Corte de Distrito de Humacao pidiendo la nulidad del procedimiento ejecutivo y reclamando los frutos producidos o debidos producir por el inmueble desde que fué adjudicado al acreedor hipotecario en el año 1934. Se alegó como único motivo de nulidad que, aunque se había pactado el pago de ciento veinticinco dólares para gastos y honorarios de abogado, dicha cantidad, de la cual se hizo mención en la penúltima cláusula de la escritura, no había sido hipotecariamente garantizada, y por consiguiente no podía ser reclamada dentro del procedimiento ejecutivo, y que la reclamación del referido crédito adicional dentro del aludido procedimiento lo viciaba de nulidad. La corte inferior dictó sentencia en aquel caso declarando nulo el procedimiento ejecutivo y condenó a los demandados a pagar las costas y cien dólares por concepto de honorarios de abogado; pero a pesar de solicitarse en la demanda que los demandados fuesen condenados a la devolución de los frutos o rentas producidos o debidos producir, ningún pronunciamiento hizo la corte a ese respecto, y no habiéndose establecido recurso por ninguna de las partes, quedó firme dicha sentencia.

Como el demandante en el pleito de nulidad, aquí demandado, no había pagado el montante del préstamo, los ahora demandantes radicaron este pleito en cobro de dichos cuatrocientos dólares. No obstante no haberse concedido frutos o rentas al demandado en el pleito de nulidad, en la acción en cobro de dinero alegó el demandado que nada debía a los demandantes porque por concepto de alquileres les había pagado indebidamente la cantidad de cuatrocientos veinticuatro dólares, que excedía de la suma reclamada en la demanda. La corte inferior desestimó la demanda, y fué esa

la sentencia revocada por la nuestra de 22 de diciembre de 1943 (62 D.P.R. 722).

En la opinión que sirvió de fundamento a nuestra citada sentencia, sostuvimos que el contrato de arrendamiento celebrado entre Francisco Fuentes y Antero Aponte era inexistente por falta de causa, pero a la vez sostuvimos que como el pago de cánones había sido hecho por error de derecho, Antero Aponte no podía reclamar su devolución, y citamos el caso de *Silva* v. *Sucn. Caratini*, 51 D.P.R. 778.

 En su moción de reconsideración el demandado apelado se queja de que la doctrina que impide la reclamación de lo pagado por error de derecho es injusta y que hemos adoptado un tecnicismo que opera de modo fatal para producir una positiva injusticia, etc. Empero, si examinamos la opinión que sirvió de base a la sentencia que anuló el procedimiento ejecutivo y que devolvió al demandado apelado el título de dominio de la casa hipotecada, veremos que no es el demandado apelado quien está en mejores condiciones para hablarnos de tecnicismos que producen injusticia. En el citado caso de nulidad de ejecutivo hipotecario, dijo en su opinión la corte sentenciadora:

"Posiblemente el resultado es injusto, al anular un procedimiento por haber sido incluído en la ejecución hipotecaria determinada suma de dinero. Sin embargo, no podemos ignorar la ley y la jurisprudencia que nos indican claramente que el hecho de incluir en la ejecución hipotecaria partidas que no estén garantizadas por la hipoteca, anula el procedimiento....

"Sería posible alegar que el notario que hizo la escritura de hipoteca es responsable de la forma en que se hizo el pacto referente a los $125 para costas y honorarios de abogado. Sin embargo, el acreedor firmó la escritura y está impedido por sus propios actos."

No se entienda que estamos criticando la opinión a que acabamos de referirnos. La sentencia es firme y tiene la condición de cosa juzgada. Si nos referimos a ella, es para poner de manifiesto que el demandado apelado que tanto protesta de los que él llama tecnicismos cuando lo perjudican, los acepta gustoso cuando le son favorables. Además, el

propio apelado en el alegato que radicó ante este Tribunal el 17 de julio del pasado año (págs. 10–12) cita extensamente de Manresa la doctrina que sostiene que los pagos hechos por error de derecho no son recobrables, y concluye luego diciendo que el error en este caso es de hecho y no de derecho.

En el presente caso no existe tal tecnicismo. Independientemente de si la doctrina de pago hecho por error de derecho es o no justa, podemos ir más lejos y sostener que el demandado no tenía derecho a reclamar de los aquí demandantes la cantidad de cuatrocientos veinticuatro dólares que pagó por concepto de alquileres. Esto es así porque en la sentencia dictada en el pleito que el demandado instó y a virtud del cual se anuló el procedimiento ejecutivo y se restituyó al allí demandante, ahora demandado, el título de dominio de la casa en cuestión, no se hizo pronunciamiento alguno, como bien alegan los demandantes, con respecto a los frutos producidos o debidos producir por la finca desde que se dictó la sentencia en el procedimiento ejecutivo hasta que el mismo fué anulado, a pesar de que tales frutos o rentas fueron expresamente reclamados en la demanda sobre nulidad de procedimiento ejecutivo. No habiéndosele concedido al demandante el derecho a tales frutos, a pesar de haberlos reclamado, repetimos, aquella sentencia constituye cosa juzgada y le impide reclamarlos ahora.

Comentando Manresa el artículo 1308 del Código Civil español, igual al 1260 del Código Civil (ed. 1930) invocado por el demandado en su moción de reconsideración, dice:

"Hecha en la declaración judicial o extrajudicial de nulidad de un contrato la determinación de lo que las partes hayan de devolverse, hay la primera, pero no suficiente, de las circunstancias para que la devolución proceda. Dedúcese de ser la primera tal determinación, *que no basta declarar nulo el contrato, sino que además ha de hacerse esa apreciación completa de lo que cada uno haya de devolver al otro,* debiendo, por tanto, *solicitarlo así el actor y obtener tal declaración en la sentencia,* o a lo menos en la ejecución de ésta, con arreglo a las bases que la misma contuviese." (Bastardillas nuestras.) 8 Manresa, Comentarios al Código Civil, pág. 797.

Independientemente de la doctrina de pago hecho por error de derecho, el demandado apelado no puede reclamar los cuatrocientos veinticuatro dólares que produjo la casa hipotecada, sencillamente porque como hemos dicho antes, la sentencia dictada en el pleito sobre nulidad de procedimiento ejecutivo, dentro del cual fueron reclamadas dichas rentas, no las concedió. Tampoco procede reclamarlas por vía de compensación porque para que la compensación proceda es necesario que exista un crédito líquido y exigible, y el reclamado por el demandado no existe por las razones que acabamos de exponer.

El caso de *Figueroa* v. *Boneta,* 58 D.P.R. 811, invocado por el apelado, no es aplicable porque en aquél la sentencia que anuló el procedimiento ejecutivo condenó además a pagar al demandante los productos de la finca y en este caso ya se ha dicho no existió tal pronunciamiento.

*No existiendo razón alguna para variar el criterio expresado en nuestra sentencia de 22 de diciembre de 1943, no ha lugar a la reconsideración solicitada.*